# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.B.**

**No. 18-0774** (Harrison County 2017-JA-045)

**FILED**

**January 14, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.C., by counsel Allison S. McClure, appeals the Circuit Court of Harrison County's August 3, 2018, order terminating her parental and custodial rights to J.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jenna L. Robey, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights rather than imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2017, the DHHR filed a petition alleging that petitioner exposed the child to an unsafe environment by leaving drugs and drug paraphernalia in reach of the child. Additionally, the DHHR alleged that the child "had not been in school for months." The DHHR alleged that petitioner was charged criminally with one count of child neglect creating risk of injury and one count of petit larceny, and incarcerated as a result of those charges. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in June of 2017, and petitioner stipulated that she had a substance abuse problem which caused her to exercise inappropriate parental judgment. Petitioner admitted that her substance abuse contributed to the unsafe conditions to which the child was exposed and his educational neglect. In August of 2017, petitioner moved

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

for a post-adjudicatory improvement period and agreed to participate in random drug screening, individual and family counseling, parenting and adult life skills classes, a psychological and substance abuse evaluation, and to remain free from drugs and alcohol. The circuit court granted petitioner's motion.

Petitioner remained incarcerated for the majority of her improvement period and was unable to participate in services provided by the DHHR. Petitioner was released to home incarceration in March of 2018, and petitioner filed a motion for a post-dispositional improvement period. The circuit court held a dispositional hearing and heard testimony that petitioner participated in services during her home incarceration. However, petitioner tested positive for Suboxone and methamphetamine on two separate tests and was incarcerated for ten days as a result. Petitioner's home incarceration supervisor indicated that he was petitioning to revoke petitioner's home incarceration, but that the motion had not yet come before the criminal court. Further evidence was introduced that petitioner failed to appear for drug screens while she was not incarcerated in August of 2017 and also missed drug screens in March of 2018. Additionally, a DHHR worker testified that petitioner had not completed the services required by her improvement period and had not visited with the child since August of 2017. Ultimately, the circuit court held petitioner's motion in abeyance until the resolution of the motion to revoke petitioner's home incarceration.

The circuit court held a second dispositional hearing in April of 2018. Petitioner presented testimony that she was released to home incarceration and providing negative drug screens for two weeks since her release. The circuit court granted petitioner a three-month post-dispositional improvement period and ordered that she complete the list of services from her previous improvement period. In May of 2018, the DHHR filed a motion to revoke petitioner's post-dispositional improvement period on the basis that petitioner violated the home incarceration requirements and was reincarcerated.

In June of 2018, the circuit court held the final dispositional hearing, and the DHHR presented evidence that petitioner tested positive twice for methamphetamine during her post-dispositional improvement period. Following petitioner's positive drug screens, her home incarceration was revoked. Additionally, a DHHR worker testified that petitioner only participated in one parenting and adult life skills class before she was incarcerated. Petitioner testified and stated that she used substances in response to learning that the child was sexually abused by another foster child while in foster care. Petitioner agreed that she needed drug treatment and indicated her willingness to participate in treatment.

Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future as petitioner continued to abuse controlled substances and failed to fully participate in services to remedy the conditions of abuse and neglect. Further, the circuit court noted that the child had been in foster care in excess of fifteen months and that it was necessary for the welfare of the child to terminate

petitioner's parental rights. Accordingly, the circuit court terminated petitioner's parental and custodial rights in its August 3, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights rather than imposing a less-restrictive dispositional alternative. Petitioner asserts that termination of her parental and custodial rights was not necessary for the welfare of the child because the circuit court could have appointed a guardian pursuant to West Virginia Code § 49-4-604(b)(5) until she was able to properly care for the child. We find no merit to petitioner's argument. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child[.]"

The circuit court correctly found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future because petitioner did not follow through with the terms of her improvement period. Petitioner continued to abuse controlled substances throughout her improvement period. Further, petitioner's willful substance abuse resulted in her repeated incarceration and limited her ability to participate in the services

---

[2]The father's parental and custodial rights were also terminated during these proceedings. According to the parties, the permanency plan for the child is adoption in his current foster placement.

provided by the DHHR or visit with the child. Although petitioner argues that she was compliant with services despite her substance abuse, the record shows that there were services petitioner did not attempt to complete, such as a drug and alcohol assessment or a psychological examination. Moreover, the child deserved permanency after an excess of fifteen months in foster care. Petitioner admitted that her substance abuse negatively affected her decision making as a parent and led her to neglect the child. As petitioner had not remedied this substance abuse, she could not provide a stable home for J.B. Therefore, termination was necessary for the welfare of the child to provide him permanency and stability.

We have also held as follows:

"Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). The circuit court did not err in finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected or in finding that termination was necessary for the welfare of the child. Accordingly, the use of a less-restrictive dispositional alternative was not necessary. Petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 3, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  January 14, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison